The bill of sale made by Bryant to Gaither, and the bond bearing even date with it, which was executed by Gaither to Bryant, conditioned to reconvey the negro on Bryant's saving him harmless by paying the judgments which Pearson had obtained against Bryant, was, as between the parties to it, a mortgage, and as to them it was quite immaterial whether the bond had been registered or not. Erskine v. Townsend, 2 Mass. T. R., 469.
But, as the bill of sale was absolute on its face, and recorded in this situation, without the defeasance, it is to be considered by all the rest of the world as absolute. Were that not the case it would, in (604) numberless instances, place creditors and purchasers in great perplexity and difficulty. It is more consonant to justice that he who would take a bill of sale in the way the plaintiff did in this case should sustain the loss, than a bona fide purchaser under an execution, or from the vendor himself, who has been permitted to retain the possession.
To all the world but the parties this bill of sale must be considered absolute; and, as the property did not follow and accompany the deed, the transaction is per se fraudulent. 2 Term, 1; Cranch, 309; 4 Binney, 258; 9 Johns., 339. As the act was fraudulent, and void to all persons who were not parties to it, the circumstance of the defendant having notice of both the bill of sale and bond to reconvey can make no difference.